# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ALBERT CHARLES BURGESS, JR.,
        *Defendant-Appellant.*

No. 01-4769

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-92-217)

Submitted: March 1, 2002

Decided: March 12, 2002

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Albert Charles Burgess, Jr., appeals the twenty-four-month prison sentence and the additional one-year term of supervised release the district court imposed after revoking his supervised release. Burgess' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that the sentence was plainly unreasonable because it exceeded the five-to-eleven-month sentence suggested under *U.S. Sentencing Guidelines Manual* § 7B1.4, p.s. (2000), that the district court failed to consider the factors in 18 U.S.C.A. § 3553(a) (West 2000), before imposing sentence, and that the court erred in imposing an additional term of supervised release. Counsel, however, states that, in his view, there are no meritorious grounds for appeal. Burgess has filed a pro se supplemental brief raising several issues. We affirm.

We have thoroughly reviewed the record on appeal, including the nature and extent of Burgess' supervised release violation, the probation officer's petition for violation of supervised release that notified the district court of the revocation range recommended in Chapter 7 of the sentencing guidelines, and the transcript of the revocation hearing. We conclude that the district court did not abuse its discretion in sentencing Burgess to a twenty-four-month term of imprisonment. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review). Nor did the court err in imposing an additional term of supervised release. *See Johnson v. United States*, 529 U.S. 694 (2000). We also find that the district court properly considered the factors set forth in § 3553(a). *See Davis*, 53 F.3d at 642 ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

In his pro se supplemental brief, Burgess claims that his attorney provided ineffective representation because he labored under a conflict of interest arising from the attorney's brief representation of Burgess in a prior criminal proceeding. We decline to review this claim on direct appeal because the face of the record does not conclusively

show that counsel provided ineffective representation. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2001)), *cert. denied*, 528 U.S. 1096 (2000). We have considered Burgess' remaining claims—that he was denied bond without a hearing, that the district court was biased against him, that the revocation hearing was not held in a reasonable time, that he was not allowed to call witnesses at the hearing and did not have proper notice of the allegations to be considered, and that the Government engaged in prosecutorial misconduct by including an allegation of new criminal conduct that was intended to incite the court and by using perjured testimony—and find the claims to be without merit.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*